UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD DOUGLAS DRESSEN, a/k/a<br>Chicken Head,<br><br>Defendant. | 4:17-CR-40047-01-KES<br><br><br>ORDER DENYING MOTION FOR<br>RELIEF UNDER THE<br>FIRST STEP ACT |

Defendant, Chad Douglas Dressen, filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 133. Plaintiff, the United States of America, opposes the motion. Docket 135. For the following reasons, the court denies defendant's motion for compassionate release.

## BACKGROUND

The background of Dressen's case was set forth in the court's order dated September 22, 2020. Docket 127. To summarize, on May 21, 2018, this court sentenced Dressen to 210 months in custody for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 95 at 2-3. The court later reduced Dressen's sentence to 105 months in custody followed by five years of supervised release. Docket 106 at 2-3. Dressen is incarcerated at FCI Fort Dix, a low-security correctional institution with an adjacent minimum-security satellite camp in Joint Base

MDL, New Jersey. Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last checked May 2, 2021). He is 51 years old. *Id.* Dressen is eligible for home confinement on January 28, 2025, and his anticipated release date is July 28, 2025. Docket 115 at 245.

In support of his motion, Dressen argues that the second COVID-19 outbreak at FCI Fort Dix coupled with his medical conditions warrant early release from custody. Docket 133 at 1-3.

The government opposes Dressen's motion, arguing that the Court has appropriately denied Dressen's initial motion for release and he has failed to show "extraordinary and compelling reasons" for release now. Docket 135. Additionally, the government asserts that Dressen has received a COVID-19 vaccine which further reduces his risk of illness. *Id.* at 4-5.

## DISCUSSION

The court detailed the governing law and analysis it uses when confronted with a compassionate release motion in its order dated September 22, 2020. Docket 127. For current purposes, it is sufficient to note that because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). But Congress made changes to the law through the First Step Act (FSA), which permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. *See* Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018). Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to

leave custody early. 18 U.S.C. § 3582(c)(1)(A)(i). When considering whether to grant a motion for compassionate release the court must consider the § 3553(a) sentencing factors and the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

As of May 6, 2021, there are currently three active COVID-19 cases among FCI Fort Dix's inmates. *See BOP: COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 6, 2021). FCI Fort Dix has reported two inmate deaths from COVID-19, and 1,799 inmates have recovered as of May 6, 2021. *Id.* The total population at FCI Fort Dix is currently 2,805 persons. https://www.bop.gov/locations/institutions/ftd/ (last visited May 6, 2021). The reported information demonstrates the COVID-19 outbreak at FCI Fort Dix was widespread, but not devastating. This persuades the court that FCI Fort Dix has acted appropriately to treat inmates who contracted COVID-19. The court believes the facility will continue to appropriately treat inmates who do so.

Additional measures to protect inmates from future COVID-19 outbreaks are begin taken. The BOP has implemented a COVID-19 vaccination plan to protect inmates and staff and limit the transmission of COVID-19 within the facilities. *See BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last visited May 6, 2021). As of May 6, 2021, 164,598 doses have been administered systemwide. *Id.* At FCI Fort Dix, 247 staff and 1,480 inmates

3

have been fully inoculated, including Dressen. *Learn More About Vaccinations and View Individual Facility Stats*, https://www.bop.gov/coronavirus/ (last visited May 6, 2021). On January 21, 2021, Dressen had a first dose of the COVID-19 vaccine and received a second dose on February 10, 2021. Docket 134 at 27. The court calculates over 80% of the inmate population at Fort Dix have been fully inoculated.

Dressen asserts that his medical conditions warrant early release from custody. Docket 133 at 3, 9-11. After reviewing Dressen's medical records, the court concludes his conditions have not changed substantially since the court's order. *See generally* Docket 134. Dressen is prescribed atorvastatin for high cholesterol and type 2 diabetes, hydrochlorothiazide and lisinopril for hypertension, metformin for type 2 diabetes, and duloxetine and naproxen for joint pain. *Id.* at 3, 28-30. Dressen's blood pressure is monitored at his clinical appointments and his values are typically within normal limits or are slightly elevated.[1] *Id.* at 2, 6, 9, 15. These circumstances do not constitute "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i).

The court finds Dressen's current circumstances do not clear the high bar necessary to warrant compassionate release for "extraordinary and compelling" reasons. In addition, the court's evaluation of the 3553(a) factors has not changed over the intervening months since Dressen's first motion for

---

[1] The court presumes a blood pressure reading near 120/80 falls within a normal range. *See* American Heart Association, *Understanding Blood Pressure Readings*, https://www.heart.org/en/health-topics/high-blood-pressure/understanding-blood-pressure-readings (last visited May 3, 2021).

release was denied. The court recognizes the rehabilitative and spiritual work Dressen has devoted himself to while incarcerated. Docket 133-2 at 2. The court commends Dressen for his participation in programming while in custody. To his credit, Dressen appears to be making sincere efforts to reform himself. The court encourages his continued progress. Nonetheless, after careful consideration, the court concludes that Dressen has not met the high bar required to justify compassionate release.

**CONCLUSION**

Dressen has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's second motion compassionate release under the First Step Act (Docket 133) is denied.

Dated May 7, 2021.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE